# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLARESSA DELISHA HAM,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0752-15-0518-I-1

DATE: February 19, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Claressa Delisha Ham, Murfreesboro, Tennessee, pro se.

Keta J. Barnes, Nashville, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

¶2 The appellant resigned from her position as a GS-5 Human Resources Assistant effective May 1, 2015.  Initial Appeal File (IAF), Tab 1.  She filed an appeal alleging that her resignation was involuntary due to intolerable working conditions.  *Id.*  The administrative judge stated that the appellant asserted that her working conditions became intolerable because the agency did not select her for 11 positions, denied her training opportunities, and denied her the opportunity to telework.  IAF, Tab 22, Initial Decision (ID) at 3.  Without holding a hearing, the administrative judge found that the appellant did not identify any deceptive actions or objectively coercive behavior which would have led a reasonable person to conclude that she had no choice but to resign.  ID at 5.  In her petition for review, the appellant asserts that she had no choice but to resign because the agency denied her request to accommodate her many health problems.

¶3 The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.  *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008); 5 C.F.R. § 1201.56(a)(2).  An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007).  An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc).

¶4 To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation or deception or was coerced by the agency. *See Vitale*, 107 M.S.P.R. 501, ¶ 19.  To establish involuntariness on the basis of coercion, the appellant must demonstrate that the agency imposed the terms of the resignation, she had no realistic alternative but to resign, and the resignation was the result of improper actions by the agency.

*Garcia*, 437 F.3d at 1329. If the employee claims that her resignation was coerced by the agency's having created intolerable working conditions, she must show that a reasonable employee in her position would have found the working conditions so oppressive that she would have felt compelled to resign. *Id*. When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of voluntariness. *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009). Once the appellant presents nonfrivolous allegations of Board jurisdiction—allegations of fact which, if proven, would establish the Board's jurisdiction—she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Parrott*, 519 F.3d at 1332; *Garcia*, 437 F.3d at 1344.

¶5    In his analysis, the administrative judge focused on the potential coercive impact of the agency's failure to select the appellant for numerous positions, denial of training opportunities, and denial of ability to telework. ID at 3. Although the appellant alleged that these circumstances contributed to creating a hostile working environment, she also alleged below, as she does on petition for review, that it was the agency's denial of reasonable accommodation for her numerous medical problems that precipitated her resignation. IAF, Tab 5. She submitted copies of her applications for reasonable accommodation that she filed with the agency on February 12 and March 13, 2015. *Id*. The appellant asserts that the agency failed to process her accommodation requests. She asserts further that, based on discussions with her supervisor in which the supervisor noted the appellant's low leave balance and emphasized that granting leave without pay (LWOP) is discretionary, she believed that her supervisor would deny her request for LWOP when she needed to be off work due to her medical conditions. Indeed, the appellant submitted an email from her supervisor denying the appellant's request for LWOP to go to specifically listed appointments. The appellant, fearing a charge of absence without leave, decided to resign.

¶6    The administrative judge noted that the appellant had filed an equal employment opportunity (EEO) complaint alleging race discrimination. However, after she filed her requests for reasonable accommodation, the appellant amended her complaint to include discrimination on the basis of denial of accommodation. IAF, Tab 1. The appellant submitted a copy of the agency's letter that indicated that her discrimination claim on the basis of denial of accommodation had been accepted as an amendment to her EEO complaint. *Id.* The administrative judge did not note this amendment to the appellant's EEO complaint and failed to analyze the appellant's claim that her resignation was prompted by the denial of her requests for accommodation. Further, the administrative judge did not refer to any of the appellant's evidence of her medical conditions. He did not acknowledge that the appellant's doctor's reports also included the limitation that the appellant should be permitted to work at home (telecommute) due to her medical conditions and ongoing treatment. IAF, Tab 5.

¶7    Pro se filings are to be construed liberally. *Farooq v. Corporation for National & Community Service*, 109 M.S.P.R. 73, ¶ 11 (2008). Here, the appellant adequately alleged that her resignation was involuntary because the agency denied her request for a reasonable accommodation (telecommuting) that, according to her doctor, would have permitted her to continue to work full-time despite her medical conditions. By the appellant's admission, the agency contended that telecommuting was not feasible in light of her responsibilities. However, the appellant asserts that vacant positions at her grade level existed for which she was qualified that allowed incumbents to telework. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014) (finding that, under the Rehabilitation Act, "reasonable accommodation" includes modifications to the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the essential job functions, or reassigning the employee to a vacant position whose duties the employee can perform); *see*

*also* Rehabilitation Act of 1973, § 501(g), 29 U.S.C. § 791(g). Thus, under the particular circumstances of this case, we find that the appellant has made a nonfrivolous allegation of the Board's jurisdiction. *See Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶ 7 (2009) (concluding that the appellant's allegations, that she was forced to retire because the agency refused to accommodate her disability by allowing her to telecommute, were adequate to entitle her to a hearing); *see also Garcia*, 437 F.3d at 1324 (holding that the agency's failure to renovate the appellant's workspace to accommodate her medical condition may have forced her to accept a demotion). Therefore, we find that the appellant was entitled to the hearing that she requested. IAF, Tab 1; *see Carey*, 112 M.S.P.R. 106, ¶ 8.

¶8      Accordingly, we vacate the initial decision and remand this case to the regional office for a hearing on the issue of whether the appellant's resignation was the result of coercion based on intolerable working conditions and therefore an involuntary act within the Board's jurisdiction. If, on remand, the administrative judge determines that the Board has jurisdiction over this appeal and the appellant's resignation was involuntary, then the administrative judge shall adjudicate the appellant's discrimination claim on the merits under the substantive standards of antidiscrimination law. *See Garcia*, 437 F.3d at 1341; *Carey*, 112 M.S.P.R. 106, ¶ 9.

**ORDER**

¶9      For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:         _____

                             William D. Spencer
                             Clerk of the Board

Washington, D.C.